**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| **WILLIAM DOUGLASS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:26-cv-01087-STA-jay** |
| | ) | |
| **FORD CONSTRUCTION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECUSAL (ECF NO. 15, 17)**
**ORDER ADOPTING REPORT AND RECOMMENDATION**
**ORDER DISMISSING CLAIMS AGAINST INDIVIDUALS WITH PREJUDICE**
**ORDER DISMISSING CLAIMS AGAINST DEFENDANT FORD CONSTRUCTION WITHOUT PREJUDICE**
**ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

---

Before the Court is the United States Magistrate Judge's report and recommendation, screening Plaintiff William Douglass's Pro Se Complaint pursuant to 28 U.S.C. § 1915. Also before the Court is Plaintiff's Motions for Recusal (ECF No. 15, 17) as well as his objections to the Magistrate Judge's report. For the reasons set forth below, the Court **ADOPTS** the report and **DENIES** Plaintiff's Motions for Recusal.

## BACKGROUND

Plaintiff filed a Pro Se Complaint against Defendant on April 20, 2026, alleging that Defendant had discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Pursuant to Administrative Order 2013-05, the case was assigned to the Magistrate Judge for the management of all pretrial matters, including the

determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. The Magistrate Judge entered an order granting Plaintiff's motion to proceed *in forma pauperis* on July 11, 2023.

On November 9, 2026, the Magistrate Judge issued a report and recommendation (ECF No. 10) on the Pro Se Complaint as part of the screening process required under 28 U.S.C. § 1915. The Magistrate Judge construed the Pro Se Complaint to allege the following claims: Title VII hostile work environment and disability discrimination under the Title I of the ADA. The Magistrate Judge found that the Pro Se Complaint did not plausibly show sex-based harassment severe or pervasive enough to alter the conditions of Douglass's employment. The Magistrate Judge also concluded that the Pro Se Complaint did not state a plausible ADA claim for the failure to accommodate. Plaintiff had not alleged any impairment that substantially limits a major life activity, no facts showing that Ford Construction knew of a disability-related limitation, and no accommodation that he sought and Ford Construction failed to provide.

Rather than recommend the dismissal of the suit, the Magistrate Judge has recommended that the Court grant Plaintiff the opportunity to file an amended pleading to cure the defects identified in the report and recommendation. Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, Plaintiff had 14 days from the entry of the report in which to file any objections.

Plaintiff responded to the report and recommendation with not only objections but also with the instant Motions for Recusal. In fact, in the seven days following November 17, 2026, Plaintiff filed 59 different papers with the Court. Some of the documents contain additional allegations to support Plaintiff's claims for relief. Others request a court order to compel the

production of evidence. The Court focuses here on Plaintiff's actual objections to the report and recommendation and his request for the Court to recuse itself from his case.

First, Plaintiff filed a Memorandum in Support of a Favorable Report and Recommendation on Hostile Work Environment and Damages (ECF No. 14) filed November 17, 2026. Plaintiff argues in the memorandum that Defendant's own employee handbook prohibited any physical touching in the workplace. Plaintiff alleges that a foreman grabbed him and shoved him. Plaintiff argues that the foreman's actions support his hostile work environment claim.

Next, Plaintiff filed a document styled as Plaintiff's One-Page Objection to the Report and Recommendation (ECF No. 27) on November 20, 2026. Plaintiff asks the Court to consider the "other evidence" and "other papers" filed in the case as his objection. Plaintiff also raises a general objection "to the decision the judges are making and objects to the Report and Recommendation.

Later the same day, Plaintiff filed another document styled as "Plaintiff's Objection to the Report and Recommendation – Disagreement, Non-Consent, Jury Demand, and Request for Chief Judge Second Opinion" (ECF No. 36). Plaintiff asserts in this paper that he has produced evidence to support his claims and can call witnesses to testify on his behalf. Plaintiff restates his claim that a foreman grabbed and shoved him and that the foreman's actions violated Defendant's employee handbook. Plaintiff adds an allegation that co-workers called him a "snowflake" and a "meth head" in violation of the Tennessee Human Rights Act. Finally, Plaintiff makes a demand for a jury trial and a request that the Chief Judge also review his case.

Plaintiff's two Motions for Recusal are largely identical. Plaintiff alleges that the undersigned has prior ties to the Tennessee Department of Transportation ("TDOT"), has engaged Defendant Ford Construction to perform work for the undersigned, and has personal

friendships with unnamed owners or principals at Ford Construction. Plaintiff argues without elaboration that the Court should recuse because of unspecified connections to TDOT and Defendant Ford Construction.

Both Motions contain what is arguably a cover page with the following at the top of the page: "Instructions – Do Not File This Page." Below that heading appears a box which states: "What this is: You asked for a 'motion of rescue' / 'motion to rescue.' The legal name for what you described is a Motion for Recusal, also called a Motion to Recuse or Motion for Disqualification." The document also contains a warning and advises that the filer read it before filing the document. At the bottom of the page, the document states

> This draft is a self-help filing prepared from the facts you provided. It is not a court-issued order, and it does not guarantee that recusal will be granted. Judge Thomas Anderson's name has been filled in as you provided it. The specific facts about the TDOT tie, the Ford Construction business, and the outside-of-court acquaintance were not in the papers provided, so they appear as brackets to complete - they have not been invented.

Pl.'s Mot. for Recusal 1 (ECF No. 15, PageID 81).

Plaintiff did not heed the warning and fill in the appropriate details. What remains is just Plaintiff's undeveloped request for the Court to recuse itself.

The balance of Plaintiff's recent filings consist of fact statements, position papers, demands for settlement, the subpoena of certain records from Defendant, and other undeveloped requests. Plaintiff filed the following papers with the Court in the span of a week:

- Notice of Damage Statement (ECF No. 11), Nov. 17, 2026;
- Notice of Complaint Screening, Nov. 17, 2026 (ECF No. 12);
- Notice of Filing Court Damages, Nov. 17, 2026 (ECF No. 13);
- Statement of Employer Liability Based on HR Knowledge of Supervisor Harassment, Nov. 18, 2026 (ECF No. 16);
- Plaintiff's Request to obtain and enter into the record the statement given by Rodney Underwood at the Equal Employment Opportunity Commission (EEOC) in Memphis, Tennessee, and the names of the EEOC staff who took that statement by William Douglass, Nov. 18, 2026 (ECF No. 18);

- Plaintiff's Paper on Hostile Work Environment and Employer Liability, With Back Pay, Front Pay, and Punitive and Non-Punitive Damages, Nov. 18, 2026 (ECF No. 19);
- Plaintiff's Paper on Hostile Work Environment and Employer Liability, With Back Pay, Front Pay, and Punitive and Non-Punitive Damages, Nov. 18, 2026 (ECF No. 20);
- Plaintiff's Paper on Wrongful Termination and Retaliatory Discharge: The Stated Reason Was Pretext, Because the Receipts Show an Authorized Credit Card User, Nov. 19, 2026 (ECF No. 21);
- Plaintiff's Paper on Being Moved From Bridge Crew to Bridgecrew and Then to Assistant Mechanic, and on Leaving Bridgework After Stomach Surgery Before He Was Cleared to Lift, Nov. 19, 2026 (ECF No. 22);
- Plaintiff's Paper on Being Called "Snowflake", Nov. 19, 2026 (ECF No. 23);
- Plaintiff's Paper on Being Called "Snowflake" At Work, Nov. 19, 2026 (ECF No. 24);
- Plaintiff's Motion to Compel Ford Construction to Release the Credit Card Receipts Bearing Plaintiff's Signature As Authorized Credit Card User, or, in the Alternative, for Leave to Subpoena Them, Nov. 19, 2026 (ECF No. 25);
- Plaintiff's Papers in Case No. 12601087 Put Together in One File, Nov. 20, 2026 (ECF No. 26) (spanning 139 pages);
- Plaintiff's Statement on Knowing Liability, Retaliation, and Damages for Financial Ruin – Loss of House, Cars, and Livelihood, Nov. 20, 2026 (ECF No. 28);
- Plaintiff's Settlement Offer, Nov. 20, 2026 (ECF No. 29);
- Notice of Retaliation, Nov. 20, 2026 (ECF No. 30);
- Plaintiff's Motion to Compel Ford Construction to Release the Rule 3.1 Page of Its Employee Handbook, or, in the Alternative For Leave to Subpoena It, Nov. 20, 2026 (ECF No. 35);
- All Ford Construction Papers Together – Combined File in 20 Sections, Nov. 20, 2026 (ECF No. 37) (spanning 178 pages);
- Request to Chief Judge Sheryl H. Lipman to Look Over Plaintiff's Papers and Give a Second Opinion, Nov. 20, 2026 (ECF No. 38);
- Notice of Ford Construction Handbook Section 3.3 - Anti-Harassment Policies, Nov. 20, 2026 (ECF No. 39);
- Notice of Ford Construction Handbook Section 3.3 - Anti-Harassment Policies, Nov. 20, 2026 (ECF No. 40);
- Notice of Photograph of Ford Construction Company Handbook Page 15 Section 3.3 Anti-Harassment Policies - Other Workplace Harassment, Nov. 20, 2026 (ECF No. 41);
- Plaintiff's Statement – Pointing Out the Rule, Nov. 23, 2026 (ECF No. 42);
- Plaintiff's Statement – Two Weeks' Pay to Keep Quiet, Truck and Card, and Job-Site Moves, Nov. 23, 2026 (ECF No. 43);
- Plaintiff's Statement – Adverse Employer Action/Retaliation: Being Moved Around in the Company, Nov. 23, 2026 (ECF No. 44);
- Letter from William Bruce Douglass, Nov. 23, 2026 (ECF No. 45);

- Letter Asking the Court About a Subpoena for the Dates of These Events from William Bruce Douglass, Nov. 23, 2026 (ECF No. 46);
- Notice of Evidence for the Gas Card: Photograph of Receipt Provided by Plaintiff William Bruce Douglass, Nov. 23, 2026 (ECF No. 47);
- Notice of Statement That I Sought Help - PCS Psychiatric Evaluation, Nov. 23, 2026 (ECF No. 48);
- Notice of Evidence: Specimen Taken for Urine 12 Panel Drug Screen - Quest Diagnostics Custody Form, Nov. 21, 2026 (ECF No. 49);
- Notice of Separation Notice - Evidence That the Credit Card Reason Was the Reason Given, and Plaintiff's Position That It Was Pretext, Nov. 21, 2026 (ECF No. 50);
- Notice of Brief Description of EEOC Charge, Nov. 21, 2026 (ECF No. 51);
- Notice of PCS Crisis Management Plan - September 24, 2025, Nov. 21, 2026 (ECF No. 52);
- Notice of Unemployment Appeal Notice – Short Statement, Nov. 21, 2026 (ECF No. 53);
- Notice of EEOC Charge of Discrimination - Typed Particulars, Page 1 of 3, Nov. 21, 2026 (ECF No. 54);
- Notice of PCS Diagnosis Information - September 24, 2025, Nov. 21, 2026 (ECF No. 55);
- Notice of Quick Paper on Tennessee Code Annotated Sections 50-1-502, 50-1-503, and 39-13-101, Nov. 21, 2026 (ECF No. 56);
- Notice of Demand Letter and Notice – Initial and Final Settlement Demand, Nov. 21, 2026 (ECF No. 57);
- Notice of Filing Gaps Checklist Before Monday, Nov. 21, 2026 (ECF No. 58);
- Notice of Statement That HR Failed to Comply With the Zero Tolerance Rules and Failed to Relieve Rodney Underwood of His Duty, Nov. 21, 2026 (ECF No. 59);
- Notice of Statement on Rodney Underwood Under Tenn. Code Ann. Sections 39-13-101, 39-17-308, and 39-17-305, Nov. 21, 2026 (ECF No. 60);
- Notice of Statement on Eddie Bennett as Witness to the “Snowflake” and “Meth Head” Name-Calling, and Request to Subpoena Him, Nov. 21, 2026 (ECF No. 61);
- Notice of Statement That I Am Willing to Take a Lie Detector Test About Being Called “Meth Head,” “Tweaker,” and “Snowflake”, Nov. 22, 2026 (ECF No. 62);
- Notice of Assistant Mechanic Pay Raise - Denied Raise, Nov. 23, 2026 (ECF No. 63);
- Notice of Eddie Bennett Witness Against Rodney Underwood, Nov. 23, 2026 (ECF No. 64);
- Notice of TCA Code on Bullying at a Workplace, Nov. 23, 2026 (ECF No. 65);
- Statement on Rodney Underwood, Nov. 23, 2026 (ECF No. 66);
- TCA Code on Bullying at a Workplace, Nov. 23, 2026 (ECF No. 67);
- Defamation of Charector [sic], Nov. 23, 2026 (ECF No. 68);
- Rule 3.3 – Subpoena to Court Zero Tolerance Touching, Nov. 23, 2026 (ECF No. 69);

- Notice of Reminder - Settlement Deadline - December 5, 2026, Nov. 24, 2026 (ECF No. 70);
- Notice of Public Embarrassment Rodney Underwood, Nov. 24, 2026 (ECF No. 71).

## STANDARD OF REVIEW

The matters for decision raise different standards of review. Plaintiff first asks the Court to recuse itself from presiding over his case. Under 28 U.S.C. § 455(a), a United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted). The question is "not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *United States v. Liggins*, 76 F.4th 500, 505 (6th Cir. 2023) (quoting *Williams v. Pennsylvania*, 579 U.S. 1, 8, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016)). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 369 (6th Cir. 2023) (quoting *Sammons,* 918 F.2d at 599).

The Supreme Court has held that § 455 use of the words "bias or prejudice" "connote instances of partiality or opinions that are somehow *wrongful* or *inappropriate*." *Liggins*, 76 F.4th at 506 (quoting *Liteky v. United States*, 510 U.S. 540, 550–52, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)) (emphasis in original). A judge's conduct meets the "bias or prejudice" test if "it is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir.

1988). Section 455 requires that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and that the alleged bias and prejudice be personal rather than judicial. *Davis v. C.I .R.,* 734 F.2d 1302, 1303 (8th Cir. 1984); *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984); *United States v. Carmichael,* 726 F.2d 158, 160 (4th Cir. 1984); *United States v. Story,* 716 F.2d 1088, 1096 (6th Cir. 1983).

The Court's review of the Magistrate Judge's report and recommendation implicates a different standard. Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

### I. Caution About the Use of Artificial Intelligence Tools

Before addressing Plaintiff's objections to the report and recommendation, the Court notes that several of Plaintiff's papers, including his Motions for Recusal, suggest the possible use of generative AI. For example, the Motions for Recusal's cover page contains prompts about what "you asked for" and cautionary language about completing the document before filing it with a court. The documents have bracketed language for Plaintiff to furnish additional facts to support his request for recusal, though Plaintiff apparently never added in the details.

Federal Rule of Civil Procedure 11 governs a party's representations to a federal court.

Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by *existing law* . . . ." Fed. R. Civ. P. 11(b)(2). District courts have the authority to raise violations of Rule 11 *sua sponte* and impose sanctions. *Bojicic v. DeWine*, 145 F.4th 668, 671 (6th Cir. 2025) (finding sanctions appropriate after allowing the opportunity to show cause as to why conduct did not violate Rule 11(b)); *see also* Fed. R. Civ. P. 11(c)(5)(B) ("The court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3).").

The Court finds that Plaintiff's papers prepared with the assistance of generative AI implicate Rule 11. The fact that Plaintiff filed the documents, specifically the Motions for Recusal, without actually reviewing them for completeness and accuracy arguably violates Rule 11, in as much as Plaintiff certified that he had made a reasonable inquiry into the facts and the Motions were warranted under existing law. Fed. R. Civ. P. 11(b)(2). By signing any paper, Plaintiff is stating to the Court that his document contains plausible and colorable legal claims. Plaintiffs' Motions for Recusal do not meet that standard because Plaintiff never went back to include the facts necessary to show why recusal was required. Instead, it appears to the Court that Plaintiff used a tool to create the document and then just filed it without actually reviewing the paper.

Plaintiff is strongly cautioned that he is required to exercise the highest degree of care before relying on AI. This Court does not take such conduct lightly and will not hesitate to impose appropriate sanctions where Rule 11 has been violated. *See Reaves Law Firm v. Baker,*

*Donelson, Bearman, Caldwell, & Berkowitz, P.C.*, No. 2:25-cv-2623, 2026 WL 1557552 (W.D. Tenn. June 6, 2026) (imposing monetary and disciplinary sanctions against counsel for the misuse of artificial intelligence in court filings).

## II. Motions for Recusal

The Court now considers the merits of Plaintiff's Motions for Recusals. "[A] judge is presumed to be impartial." *PNC Equip. Fin. v. Mariani*, 758 F. App'x 384, 391 (6th Cir. 2018) (quoting *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007)). As the party making a charge of disqualifying conduct, Plaintiff has the burden to prove some basis for disqualification. *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) ("The burden is on the moving party to justify disqualification.") (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)). But Plaintiff has not carried such a burden.

Plaintiff's Motions for Recusal make conclusory allegations about the Court's ability to preside fairly over this case. Plaintiff has adduced no evidence to support his claims. In fact, it appears to the Court that Plaintiff prepared his Motions with the assistance of AI or some other tool to generate the papers. The Court states for the record that the undersigned has no business or personal relationship with Ford Construction or any of its owners, managers, or employees. Therefore, the Motions for Recusal are **DENIED**.

## III. Objections to the Report and Recommendation

This brings the Court to Plaintiff's objections to the Magistrate Judge's recommendation to require Plaintiff to file an amended pleading. The Magistrate Judge concluded that the initial Pro Se Complaint failed to state a Title VII hostile work environment claim based on Plaintiff's sex or an ADA failure-to-accommodate claim. In response to the Magistrate Judge's report and recommendation, Plaintiff has filed more than one document styled as an objection. However,

the objections do not point to a specific error in the Magistrate Judge's recommended conclusions.

The United States Court of Appeals for the Sixth Circuit has held that objections to a Magistrate Judge's recommendations must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's filings, which the Court liberally construes collectively as an objection to the Magistrate Judge's recommendation, never point to any specific objection in the Magistrate Judge's report and recommendation. The Court can only surmise that Plaintiff's paper is a general objection to the recommendation.

> A general objection to the entirety of the magistrate [judge]'s report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 148).

The problem in this case is compounded by the fact that Plaintiff has filed dozens of separate documents with the Court. Plaintiff's filings cover many different topics, and almost none of them refer to the Magistrate Judge's report and recommendation. To the extent that Plaintiff has failed to raise specific and focused objections, the Court declines to comb through Plaintiff's raft of documents to ascertain just what his objections might include. *Brown v. Matauszak*, 415 F. App'x 608, 612–13 (6th Cir. 2011) (stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading' "); *Young Bok Song v. Gipson*, 423 F.

App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants.").

To the extent that Plaintiff has responded by filing new information not found in his original pleading, those were matters that the Court cannot consider now. Papering the docket with additional documents does not cure the defects the Magistrate Judge found in Plaintiff's initial pleading. Rather than raise facts that were never presented to the Magistrate Judge, the proper course is for Plaintiff to amend his pleadings and allege the facts he believes will support his claims in the amended pleading itself.

Therefore, the Court **ADOPTS** the Magistrate Judge's report and recommendation. The Court will dismiss with prejudice Plaintiff's Title VII and ADA Title I claims against the individual employees, to the extent Plaintiff intended to name them as defendants. The Court will dismiss without prejudice Plaintiff's Title VII and ADA Title I claims against Ford Construction as pleaded. And the Court will defer deciding whether to exercise supplemental jurisdiction over any state-law claims Plaintiff intended to assert.

The Court grants Plaintiff 21 days from entry of this order to file an amended complaint addressing the deficiencies identified in the Magistrate Judge's report and recommendation. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "(1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought." Fed. R. Civ. P. 8(a). Plaintiff's amended pleading should set forth the facts to support any claim he seeks to bring against Defendant Ford Construction. Rather than filing his allegations in multiple documents, Plaintiff should include the information he wants the Court to consider in the amended pleading itself as a single document. Failure to abide by the

Rule 8(a) pleading standard may result in the dismissal of Plaintiff's amended pleading for failure to state a plausible claim for relief.

Because the Court is granting Plaintiff leave to amend, all of Plaintiff's pending motions for relief are **DENIED** without prejudice to raise the issues at the appropriate time. Plaintiff has referred to documents in Defendant's possession and asked the Court to compel Defendant to produce them. Those requests for production are premature. Once Plaintiff has amended his pleadings, the Magistrate Judge will screen the amended pleading to decide whether summons should issue. Until that time Plaintiff may not file motions for discovery materials.

## IV. Warning About Repetitive and Voluminous Filings

One final matter bears discussion. As the Court has already noted, Plaintiff responded to the Magistrate Judge's report and recommendation by filing waves of new documents. Plaintiff's approach has had the effect of flooding the docket with papers that were not essential to the screening process or the Court's review of the Magistrate Judge's report and recommendation. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This includes the discretion to put in place filing restrictions "on an individual with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

The Court finds that Plaintiff's recent filing activity has not produced an efficient and expedient way of deciding Plaintiff's case. Filing multiple documents, in some instances voluminous or repetitive documents, over a short period of time is not the proper way to bring matters to the Court's attention. The Court cautions Plaintiff about presenting his case in this manner. Nevertheless, the Court does not find a filing restriction is warranted at this time,

limiting Plaintiff's ability to file the papers he deems necessary to his case. The failure to heed the Court's admonition, however, may result in the Court imposing a filing restriction.

## CONCLUSION

Plaintiffs' Motions for Recusal are **DENIED**. The Court **ADOPTS** the Magistrate Judge's report and recommendation. Plaintiff's Title VII and ADA Title I claims against individuals named in his pleadings are **DISMISSED** with prejudice. Plaintiff's Title VII and ADA Title I claims against Defendant Ford Construction are **DISMISSED** without prejudice.

Plaintiff is granted leave to file an amended pleading within 21 days of the entry of this order. Failure to file an amended pleading in the time allowed may result in the dismissal of Plaintiff's case without notice. All other pending motions are **DENIED** without prejudice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 25, 2026